In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee under the Will of MATILDA W. LUSK, Deceased.

Surrogate's Court, New York County, January 23, 1948.

*Hugh L. Thomson* for trustee, petitioner.

*Collier Platt* and *Frank H. Platt* for Collier Platt, as ancillary administrator of the estate of Janet W. Roche, deceased, respondent.

*Francis J. Mahoney,* special guardian for Stephan J. Roche and others, infant remaindermen, respondents.

COLLINS, S.   A construction of the will is requested in this trustee's accounting proceeding.   In a prior accounting proceeding in 1926, the will was partially construed.   At that time there arose the question as to the distribution of the income of the trust created under the will.   The Surrogate then determined that all of the income was payable in equal shares to the then life tenants, the two children of the testatrix, Stephen S. Thorn and Alice Lusk Webster.   He held also that the testatrix clearly intended that the issue of a child who died leaving such issue should take the principal of the parent's share and that if a child should die leaving no issue, the principal of his or her share should be paid to the issue of the surviving life tenant per stirpes.   The principal of each child's share was the share which produced one half of the income.   Although the decree entered upon the Surrogate's decisions was not quite clear, it is nevertheless obvious under the language of the will and the decisions of the Surrogate that the remainders were not to vest until the deaths of both of the life beneficiaries.

Since the prior decree further questions of construction have arisen by reason of the death of one of the life tenants, Stephen S. Thorn, unmarried and without issue.   The other life beneficiary, Alice Lusk Webster, is still living, has two children and there are children of a deceased child.

Under the text of the will the trust is measured by the lives of Stephen S. Thorn and Alice Lusk Webster and the survivor of them.   Consequently not until both have died does the trust terminate.   The sixth paragraph of the will provides: "After the termination of said trust estate, I hereby give and bequeath to the child or children of such of my children as shall have died leaving issue, or the child or children of any of them, all of said trust estate absolutely to be divided among them *per stirpes* and not *per capita.*"   As Stephen S. Thorn, one of the life beneficiaries, died without issue, the only persons who could share in the remainder are the issue of the surviving life tenant, Alice Lusk Webster, provided they survive the termination of the trust.   They are the persons now presumptively entitled to the remainder.

Under the will also, provision is made for the payment of the income in the event of the death of any child of the testatrix during the continuance of the trust leaving issue him or her surviving.   In that event the issue were to receive the income

not exceeding the share which their parent would have been entitled to. However, no disposition of such income is made in the will in the event, which has actually occurred, of the death of a child of the testatrix during the trust term leaving no issue. The question now presented is, to whom shall such income be paid. The Surrogate holds that in the absence of a valid disposition of income under the will, such income is payable to the persons presumptively entitled to the next eventual estate. (Real Property Law, § 63.) The present children of the surviving life tenant and the children of her deceased child answer that description now and accordingly the one half of the income to which Stephen S. Thorn was previously entitled is payable to them per stirpes share and share alike. The other one half is payable to the surviving life tenant.

Submit decree on notice construing the will and settling the account accordingly.